UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINETA NEWTON

                     Plaintiff,

       -against-

MAJOR DEVELOPMENT 52 CORP;
STARK LAW PLLC; JUSTIN P.
GROSSMAN, BADGE NO. 28; DAVID
RAFOUA,

                 Defendants.

19-CV-3469 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this application, which is styled as a "criminal complaint" for violations of 18 U.S.C. §§ 241 and 242. By order dated May 31, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are from Plaintiff Tineta Newton's complaint. Stark Law PLLC, Major Development 52 Corp, and David Rafoua induced City Marshal Justin P. Grossman to "invade" Plaintiff's residence in Bronx County, New York, on April 10, 2019, and "unlawfully ransack[ ] and remove[ her] private property that was in the dwelling. (Compl. at 2.) Plaintiff contends that her property, including her cat, has been destroyed "without proper due process," and she attaches a list of her property. (*Id.* at 3.) Plaintiff asks that "arrest warrants be issued" for all defendants and that they be charged with violating federal criminal laws, 18 U.S.C. §§ 241 and 242.

## DISCUSSION

### A.    Criminal Charges

A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (private plaintiffs lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus also cannot obtain an order directing a prosecutor to charge defendants. Accordingly, the Court dismisses Plaintiff's claims seeking to press criminal charges, and Plaintiff should not reassert these claims in any amended complaint that she may file in this action.

**B.      Private Parties**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

"[A] private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Id.* at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). A complaint must allege facts showing that "the private entity and a state actor "acted in concert to commit an unconstitutional act" and that there is "such a close nexus" between the private actor and the state that underlying conduct "may be fairly treated as that of the state itself." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). Defendants Stark Law PLLC, Major Development 52 Corp, and David Rafoua appear to be private parties, and Plaintiff has not pleaded facts showing that they acted in concert with a state actor to commit an unconstitutional act. Plaintiff therefore has not stated a claim against Defendants Stark Law PLLC, Major Development 52 Corp, or David Rafoua under § 1983.

**C.      Due Process Claims**

The Court also liberally construes the complaint as asserting a claim for a violation of Plaintiff's procedural due process rights guaranteed by the Fourteenth Amendment. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that

interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Where the government deprives a plaintiff of some interest pursuant to an established procedure, due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, a government employee's random and unauthorized act does not violate due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986). This is because it would be impossible for the government to provide a meaningful hearing before the deprivation of property if it cannot predict when the loss will occur. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.").

Here, on the one hand, the "invasion" of Plaintiff's property may have arisen from eviction or foreclosure proceedings pursuant to established state court proceedings. If so, such predeprivation proceedings in state court generally provide adequate process, and a plaintiff evicted pursuant to such proceedings cannot allege that she was deprived of her property without due process. *See, e.g., Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 324 (S.D.N.Y. 2012) (noting that a warrant of eviction will issue "only after lengthy state court proceedings in which [a plaintiff is] given ample opportunity to contest . . . the legality of his eviction"); *Tornheim v.*

*Eason*, 363 F. Supp. 2d 674, 677 (S.D.N.Y. 2005) (holding that "when a sheriff is presented with a facially valid mandate of the court, he is justified in 'obeying it according to its terms'").[1]

On the other hand, Plaintiff may be alleging that City Marshal Grossman acted in a random and unauthorized manner in removing her property. If so, state law nevertheless provides meaningful postdeprivation remedies. *See, e.g., Fredricks v. City of N.Y.*, No. 12-CV-3734, 2014 WL 3875181, at *8 (S.D.N.Y. July 23, 2014) ("Where loss of property was random and unauthorized, courts have found that New York provides an adequate postdeprivation remedy in the form of state law causes of action for negligence, replevin, or conversion." (collecting cases)); *Stern*, 886 F. Supp. 2d at 324 (noting that "the Civil Court may, in appropriate circumstances, vacate the warrant of eviction and restore the tenant to possession even after the warrant has been executed"). Plaintiff's allegations thus fail to state a claim that she was finally deprived of a property interest without due process of law.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff includes few facts in her complaint, the Court cannot rule out the possibility that Plaintiff could allege additional facts stating a claim for a violation of her constitutional rights. The Court therefore grants Plaintiff leave to amend her complaint to allege any facts that show a deprivation of her constitutional rights in connection with the April 10, 2019 incident.

---

[1] Some district courts have concluded that a city marshal or sheriff executing a court order is entitled to quasi-judicial immunity for claims challenging the execution of warrant. *See, e.g., Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at * (JG) (E.D.N.Y. Sept. 4, 2011) (holding that where plaintiff "seeks to hold Marshal Essock liable based upon his execution of a facially valid warrant of eviction in accordance with his duty to carry out mandates of the court, the action against him must be dismissed on the basis of quasi-judicial immunity).

**LEAVE TO AMEND**

Plaintiff is granted leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended

complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3469 (LLS) An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 31, 2019
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: 
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                     State            Zip Code

Defendant 2: 
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                     State            Zip Code

Defendant 3: 
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                     State            Zip Code

Defendant 4: _____

        First Name            Last Name

        _____

        Current Job Title (or other identifying information)

        _____

        Current Work Address (or other address where defendant may be served)

        _____

        County, City           State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.